## CONDIT *vs.* TICHENOR.

A deed, absolute on its face, may be proved by parol to have been given by way of mortgage, but the proof must be clear.

*Mr. Dodd,* for complainant.

*Mr. T. Runyon,* for defendant.

THE CHANCELLOR.

The bill was filed for the sale of certain lands conveyed to the complainant by Joseph L. Alden, by a deed, absolute on its face, dated January 10th, 1861. The deed conveyed other lands than those sought to be sold in this suit, and was for the consideration of $40,000. The bill alleges that the deed was given to secure the payment of $2096, which Alden owed the complainant on a promissory note, and calls the deed a mortgage deed, but alleges no facts, or states no agreement or defeasance, either written or parol, by which the deed was converted into a mortgage. The deed was acknowledged on the 14th day of January, 1861, and on the

same day recorded as a deed in the records of deeds of the county.

On the 24th day of the same month, Carey and Salisbury recovered a judgment in Essex county Circuit against Alden, for $2500, or thereabouts; and Tuthill and Broadhead, on the 21st, recovered one in the same court against him, for about $700; and the complainant, on the 14th of February of the same year, recovered a judgment against Alden in the same court, for about $2300, the amount of his note above mentioned. These suits were pending at the time of the date and recording of the deed to the complainant. The lands in question, among others, were sold on three executions issued upon the three judgments; the sale was under all three executions.

Carey, one of the plaintiffs, bought at that sale the lot in question, and subsequently sold it to the defendant, Tichenor. The complainant received from that sale $300, and in this suit asks for a sale of the lot sold to Tichenor, to pay the balance due on that judgment, claiming that his mortgage deed, being prior in date and recording to the entry of the judgment to Carey and Salisbury, is a lien on the same in the hands of the defendant.

The answer denies that the deed from Alden was given to complainant by way of mortgage, or to secure the payment of his debt, and avers that the same was given to delay the creditors of Alden who had brought suits, and to prevent the recovery of their debts, and that the same is void, as against creditors of Alden, and as against Carey and the defendant, Tichenor, who derive title under a judgment against Alden.

The first question is, whether this deed was given as a mortgage, or by way of security only, for the debt due from Alden to Condit.

The answer distinctly denies it, and the fact must be proved. It may be proved by parol that a deed, absolute on its face, was given by way of mortgage, but it requires proof;

and as it is proof that is to destroy and change the effect of a solemn deed, the proof must be clear.

In this case, I can find no proof whatever of the fact— nothing that looks like, or has a tendency that way. Complainant did not know of the execution and delivery of the deed at the time it was given and recorded; it was executed in his absence, and placed upon the record by Alden without his knowledge, and there is no evidence to show that complainant knew of the fact before the first two judgments were entered; there is some to show that he knew of it before the 14th of February, when his own judgment was entered. But he so little relied upon this deed as a mortgage, that he attended the sheriff's sale, and bought some of the lands included in his own deed, which, if his claim in this suit is well founded, should bear their proportion of the mortgage debt. No evidence, oral or written, shows that there was any agreement or understanding between the complainant and Alden, that this deed was given as a mortgage, and was to be void on the payment of a debt of $2100, the deed being given for $40,000, money in hand well and truly paid. The only evidence on the subject is, that sometime before the middle of February, 1861, Alden met the son of the complainant in the street, and handed to the son, as attorney in fact for his father, this deed; that the son accepted it for his father, and afterwards told his father that Alden had given this deed as security for the debt that he owed his father. But there is no evidence that Alden said it was as security; nothing was said like it in the conversation had by him, at the alleged delivery of the deed, with complainant's son, which is the only evidence offered by complainant of anything said or done by Alden. The complainant has, in my opinion, entirely failed in the proof necessary to constitute this absolute deed a mortgage, which is essential to any relief in this court by way of a mortgage sale. The defendant, on the other hand, shows, by the evidence of the person who drew the deed, and before whom it was acknowledged as one of the masters of this court, that

the deed was drawn and executed by Alden in the absence of the defendant; that Alden did not execute it as a mortgage, but executed it as a deed for the purpose avowed at the time, of preventing his creditors from levying on the lands; that he executed at the same time another deed to a Mr. Bird, for a large quantity of real estate, with the same nominal consideration, and for the same avowed purpose; and that both were left with him, the conveyancer, who took them to the register's office on the 14th of January, and took them from there, when recorded, on the 28th day of March, and retained the deed to complainant until the second of March, 1862, when he delivered it to complainant's son, upon his written receipt shown.

Besides the want of testimony on the part of the complainant, this testimony, if believed, shows conclusively that the deed was not given as a mortgage, but as a fraudulent deed, to protect the property of Alden from his creditors. If this testimony is believed, the deed is not good as a mortgage, or for any other purpose. This testimony is not only not impugned by any evidence, but confirmed by all the circumstances surrounding the case.

I must, upon this view of the evidence, refuse the relief sought, and dismiss the bill with costs.